# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| RICHARD DAWSON JR., | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-1311-M |
| HECTOR RIOS et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court are the following motions: (1) Plaintiff's Motion to Dismiss Because of Filing False Document and Making False Statements (Doc. No. 33); and (2) Plaintiff's Motion Asking for Court Order (Doc. No. 36).

*I. Plaintiff's Motion to Dismiss Because of Filing False Document and Making False Statements*

In his first motion (Doc. No. 33), Plaintiff complains that the Special Report (Doc. No. 31) and the Motion to Dismiss/Motion for Summary Judgment (Doc. No. 32) filed by Defendants contain and/or rely upon false documents and testimony regarding the underlying incidents. *See* Doc. No. 33 at 1-3. Plaintiff asks the Court to "dismiss" these filings after reviewing prison video footage that he claims expose the falsities. *Id.*

Plaintiff's motion is DENIED. Plaintiff will have the opportunity, and responsibility, to supply the Court with argument and evidence to support his claims and to rebut the argument and evidence presented by Defendants. *See, e.g., Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1224 (W.D. Okla. 1997) ("A court should not assume the role of advocate for a pro se litigant"). For example, Plaintiff may present such argument and

evidence in response to Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. No. 32).

II. *Plaintiff's Motion Asking for Court Order*

In his second motion (Doc. No. 36), Plaintiff asks the Court to assist him in obtaining a copy of his Complaint, which he claims is "need[ed] to help [him] to better [] prepare [his] case." Doc. No 36 at 1. The Court grants that request, as set forth more particularly below. The Court also construes Plaintiff's motion as a request for additional time to respond to Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. No. 32). Because Plaintiff's motion was filed more than three months after his response deadline,[1] the Court may, for good cause shown, grant him additional time to respond only upon a finding of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Rule 6(b)'s "excusable neglect" standard authorizes courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) (citing *Pioneer Inv. Servs. Co.,* 507 U.S. at 395). In making this determination, the court should consider four factors: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay

---

[1] Defendants filed their Motion to Dismiss/Motion for Summary Judgment on September 10, 2018. By operation of Local Civil Rule 7.1(g), Plaintiff's response was due October 1, 2018. Plaintiff filed his motion on January 2, 2019.

and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.* (citation and internal quotation marks omitted).

The first and second factors weigh in favor of granting Plaintiff's extension request. Any prejudice to Defendants is minimal at this stage in the proceedings, and the length of delay is not particularly significant. As a practical matter, granting an extension will have little, if any, impact on the proceedings going forward. The third factor weighs against granting the requested extension, as the reason for the delay was apparently carelessness and/or inadvertence on the part of Plaintiff. The final factor weighs in favor of granting the extension, as there is no indication that Plaintiff acted in bad faith.

For good cause shown, and upon a finding of excusable neglect, the Court grants Plaintiff's motion for an extension of time. The Clerk is instructed to mail a copy of this Order to Plaintiff, together with a copy of his Complaint (Doc. No. 1), at Plaintiff's address of record. Within 21 days of receiving this Order, Plaintiff shall file his response to Defendants' Motion to Dismiss/Motion for Summary Judgment.

IT IS SO ORDERED this 6th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge