# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD DAWSON JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-1311-G** |
| | ) | |
| **HECTOR RIOS et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Plaintiff, appearing pro se and proceeding *in forma pauperis*, filed a Complaint on December 6, 2017, asserting claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his federal constitutional rights. *See* Compl. (Doc. No. 1). For the reasons discussed below, the Court dismisses all claims against Defendants Ademola Aderagba and FNU James without prejudice for failure of service.

BACKGROUND

By Order dated March 22, 2018, the Court ordered service of the Complaint on each of the four Defendants named in the pleading. *See* Order of Mar. 22, 2018 (Doc. No. 9) at 1-3. This Order expressly warned Plaintiff that, even though the United States Marshals Service ("USMS") had been directed "to attempt to accomplish service" on his behalf, "service [was] ultimately Plaintiff's responsibility." *Id.* at 2 (citing Fed. R. Civ. P. 4(c)). Plaintiff was given 21 days from the date of that Order (i.e., until April 12, 2018) to properly request the issuance of summonses, and 90 days from the date of the Order (i.e., until June 20, 2018) to ensure that a proof of service or waiver of service for each Defendant

had been filed with the Court. *See id.* at 1-2 (citing Fed. R. Civ. P. 4(c), (d), (*l*), (m)). Plaintiff was warned that "[t]he failure to file timely proofs of service as to any Defendant may result in the dismissal of the claims against that Defendant." *Id.* at 2 (citing Fed. R. Civ. P. 4(m)).

This Order was mailed to Plaintiff at his address of record, along with the necessary forms for requesting the issuance of summonses. Plaintiff requested summonses for all four Defendants. *See* Pl.'s Request Issuance of Summonses (Doc. No. 11) at 1-2. On May 21, 2018, the USMS filed unexecuted process returns for Defendants Aderagba and James. *See* Doc. Nos. 20, 21, 22, 23. The unexecuted returns for Defendant Aderagba bear the handwritten notation "no such employee" (Doc. Nos. 20, 21), while the unexecuted returns for Defendant James bear the handwritten notation "no longer employed" (Doc. Nos. 22, 23).

Because Plaintiff had failed to file a proof of service or waiver of service for Defendants Aderagba or James within the time provided, the Court, on June 20, 2019, directed Plaintiff to show cause in writing as to why his claims against these Defendants should not be dismissed. *See* Order of June 20, 2019 (Doc. No. 44) at 2.

Plaintiff responded to the Court's Order on July 5, 2019. *See* Pl.'s Resp. (Doc. No. 45). In his response, Plaintiff states that he "gave the United States Marshals Office the only identifying information that [he] could give." *Id.* at 1. He further states:

> The United States Marshals Office didn't ask that corporation for [an] address or anything. [T]he United States Marshals Office had a responsibility to me . . . to ask[] for a[n] address to find th[ose] two Defendants. The US Marshals Office ha[s] the resources to find . . . anyone they want to find [i]f they truly want to find them . . . .

*Id.*

ANALYSIS

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to effect proper service upon the Defendants within the prescribed time limit is grounds for dismissal of all claims against those Defendants, absent justification for this failure. *See* Fed. R. Civ. P. 4(m).

District courts in this circuit "employ[] a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003). First, if the plaintiff shows good cause for his or her failure to properly serve a defendant, the court must extend the deadline for an "appropriate period." *Espinoza v. United* States, 52 F.3d 838, 841 (10th Cir. 1995); Fed. R. Civ. P. 4(m). Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted," considering a number of factors. *Espinoza*, 52 F.3d at 841.

I. *Whether Plaintiff Has Shown Good Cause*

Plaintiff argues that, having supplied the USMS with "the only identifying information" he had, he cannot be faulted for the agency's failure to accomplish service on Defendants Aderagba and James. Pl.'s Resp. at 2. However, while Plaintiff is entitled to service assistance from the USMS, it falls to him to supply the information the agency

3

needs to locate and serve each Defendant.  *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]" (citation omitted)); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service.").

In its March 22, 2018 Order, the Court warned Plaintiff that "service [was] ultimately [his] responsibility" and that "failure to file timely proofs of service as to any Defendant may result in the dismissal of the claims against that Defendant."  Order of Mar. 22, 2018, at 2.  Despite this warning, Plaintiff apparently took no action after receiving notice that Defendants Aderagba and James could not be found at the addresses he provided.  Plaintiff argues that it was the responsibility of the USMS "to ask[] for a[n] address to find [Defendants Aderagba and James]."  Pl.'s Resp. at 2.  But this argument has been flatly rejected by the Tenth Circuit on at least two occasions.  *See Fields*, 511 F.3d at 1113 ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address."); *Pemberton*, 673 F. App'x at 864 (rejecting plaintiff's assertion that, in attempting service, the USMS "should have . . . inquire[d] of each defendant's location").

The Tenth Circuit has instructed that Rule 4's "good cause" requirement "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (internal quotation marks omitted).  Plaintiff has not sustained this burden.

Contrary to his suggestion, his status as a pro se inmate proceeding *in forma pauperis* does not establish "good cause" for purposes of Fed. R. Civ. P. 4(m). *See Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *1 (W.D. Okla. May 4, 2018) ("Plaintiff's pro se, inmate status alone does not provide cause to extend the ninety-day service deadline").

II.    *Whether a Permissive Extension Is Nonetheless Warranted*

The resulting question is whether the Court should nonetheless extend Plaintiff's service deadline. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted). Neither Defendant Aderagba nor Defendant James is a United States officer or employee, and the Court granted Plaintiff's *in forma pauperis* application well before it authorized him to serve process on the individual Defendants named in his Complaint. *See* Fed. R. Civ. P. 4(i)(3); Order of Dec. 8, 2017 (Doc. No. 5) at 1-2.

Further, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's § 1983 claims against Defendants Aderagba or James. While the applicable two-year limitations period expired in September 2018,[1] Oklahoma's "savings statute"

---

[1] Oklahoma's "two-year statute of limitations period for 'an action for injury to the rights of another'" applies to § 1983 claims brought in federal court. *Kripp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006) (quoting Okla. Stat. tit. 12, § 95(A)(3)). Plaintiff's claims are based on events that occurred in September 2016. *See* Compl. at 7-8, 12.

likely would save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young*, 2018 WL 2079509, at *2. In other words, Plaintiff likely would be able to refile his claims against Defendants Aderagba and James within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." 12 Okla. Stat. § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, all three *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in a dismissal without prejudice and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016) (affirming dismissal under Rule 4(m) where "the district court first notified [the plaintiff] of its intention to dismiss the claims against [the defendants] for failure of service and gave [the plaintiff] time to show good cause for the failure of service").

## CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendants Ademola Aderagba and FNU James for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 30th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge