# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD DAWSON JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-17-1311-G |
| | ) |
| HECTOR RIOS et al., | ) |
| | ) |
|    Defendants. | ) |

## OPINION AND ORDER

Now before the Court is a Motion to Dismiss filed by Defendants Hector Rios and Jon Engle (collectively, "Defendants"), in their individual and official capacities (Doc. No. 32). Plaintiff Richard Dawson Jr., a state prisoner appearing pro se, has responded in opposition (Doc. No. 40), and Defendants have replied (Doc. No. 41). Based on the parties' arguments and the governing law, Defendants' Motion is granted.

### SUMMARY OF THE PLEADINGS

Plaintiff's claims arise from events alleged to have occurred in September 2016 while he was incarcerated at the Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. Plaintiff alleges that, on the morning of September 18, 2016, a correctional officer named Ademola Aderagba threw "hazardous chemicals . . . in his eyes." *See* Compl. (Doc. No. 1) at 7, 12. Shortly thereafter, Plaintiff told another officer, Lt. James, that he "needed to go to medical because [his] eyes [were] burning." *Id.* at 10. Lt. James "refused [to procure] medical emergency treatment" for Plaintiff and instead "put [Plaintiff] on property restriction." *Id.* at 7, 10; *see also id.* at 12.

Later that day, another officer, Sgt. Wolf, called a nurse to inquire about Plaintiff's eye injury. *Id.* at 10. The nurse told Sgt. Wolf that Plaintiff "needed to go to medical." *Id.* Sgt. Wolf relayed this message to Defendant Engle, who responded that Plaintiff "couldn't go to medical because [he] was on property restriction." *Id.* The following day, Plaintiff was evaluated "on housing" by a nurse, who found "no indication that [Plaintiff] needed to see the eye doctor." Compl. Ex. 3 (Doc. No. 1-3) at 8, 9. On September 29, 2016, Plaintiff submitted a Request for Health Services form, reporting that he was "still hav[ing] problem[s] with [his] vision" and requesting to see an eye doctor. *Id.* at 8. That request was summarily denied based on the nurse's September 19, 2016 assessment. *See id.*

On September 26, 2016, Plaintiff completed a Request to Staff form, reporting that "on 9-18-16 at 5:20am c/o Ader[a]gba threw some kind of chemicals in [his] eyes" and that he was subsequently "refused medical treatment."[1] *Id.* at 5. Defendant Rios responded to the request on September 28, 2016, indicating that he would "have the appropriate staff look into [Plaintiff's] complaint." *Id.*

Plaintiff remained on "property restriction" for a period of seven days, during which time he was "placed in a cold cell," was "denied clothing, bed[d]ing items[,] [and] hygi[e]ne," was "made to eat cheese out of a box," and was "denied and refused medical treatment." Compl. at 10, 12. This treatment, according to Plaintiff, was "due to Plaintiff being a[n] African American/Black prisoner." *Id.* at 12; *see also id.* at 7.

---

[1] On September 29, 2016, Plaintiff completed a second Request to Staff form, again relaying that "on 9-18-16 at 5:20am c/o Aderogba threw some kind of chemicals in [his] eyes." Ex. 3 to Compl. (Doc. No. 1-3), at 1.

2

Plaintiff filed the instant lawsuit on December 6, 2017, asserting claims under 28 U.S.C. § 1983 for violation of his constitutional rights under the Eighth and Fourteenth Amendments.

ANALYSIS

In the motion under review, Defendants Engle and Rios seek dismissal of Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

I. *Rule 12(b)(6) Standard*

Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading . . . contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While "detailed factual allegations" are not required, to survive a Rule 12(b)(6) motion, the complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[2] In the alternative, Defendants seek summary judgment on Plaintiff's claims.

II. *Plaintiff's Official-Capacity Claims*

Defendants Rios and Engle are employees of LCF, a private prison.[3] Private prison employees "are not state actors," and, as such, "they do not have an 'official capacity' as that term is used under the Eleventh Amendment." *Jones v. Barry*, 33 F. App'x 967, 972 n.5 (10th Cir. 2002). Accordingly, Plaintiff's official-capacity claims are subject to dismissal for failure to state a claim upon which relief can be granted. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 WL 1406592, at *3 (W.D. Okla. Mar. 7, 2018) (R. & R.), *adopted*, 2018 WL 1403911 (W.D. Okla. Mar. 20, 2018).

III. *Plaintiff's Individual-Capacity Claims*

A. *Plaintiff's Fourteenth Amendment Claim*

Plaintiff claims that Defendants violated his "right to be free of racial discrimination," as guaranteed by the Fourteenth Amendment's Equal Protection Clause. Compl. at 7; *see also id.* at 12 (asserting that Defendants "violated Plaintiff['s] equal protection right prescribed by the 14th [Amendment]"). While the factual basis of Plaintiff's racial-discrimination claim is not entirely clear, it appears to be based on the allegation that he was placed on "property restriction" for a seven-day period, during which time he was subjected to less favorable conditions, "due to [him] being a[n] African American/Black prisoner." *Id.* at 12; *see also id.* at 7. Even under a liberal construction, however, these allegations are insufficient to state an equal-protection violation.

"Equal protection is essentially a direction that all persons similarly situated should

---

[3] The Court takes judicial notice of this fact pursuant to Fed. R. Evid. 201(b)(2).

4

be treated alike." *Brewer v. Gilroy*, 625 F. App'x 827, 838 (10th Cir. 2015) (internal quotation marks omitted). Thus, to establish an equal-protection violation, a plaintiff "must allege facts that show the defendants treated him differently than other similarly situated prisoners." *Id.* Here, Plaintiff claims he was treated unfavorably because of his race, but he offers no allegations that would support a conclusion that he was treated less favorably than "similarly situated" inmates. For example, Plaintiff does not allege that he was placed on property restriction under circumstances that a white inmate would not be so placed, or that the conditions he experienced during his placement on property restriction were less favorable than those experienced by white inmates on property restriction. Plaintiff's "generic allegations of racial discrimination," "ungrounded in specific factual averments that would show that he was treated differently from similarly situated white prisoners," "are insufficient to state a plausible equal protection claim." *Id.*; *accord Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1322-23 (10th Cir. 2010) (holding that the plaintiff's "vague and conclusory allegations . . . that white inmates were treated more favorably" were insufficient to state an equal-protection claim).

Consequently, Plaintiff fails to state a Fourteenth Amendment claim against Defendants.

### B. *Plaintiff's Eighth Amendment Claim*

Plaintiff asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by responding with deliberate indifference to his medical needs. *See* Compl. at 6.

5

"A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The objective prong "examines whether the prisoner's medical condition was sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005)) (internal quotation marks omitted). "The subjective prong examines the state of mind of the defendant, asking whether 'the official kn[e]w of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011) ("[T]he factors necessary to establish a § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." (internal quotation marks omitted)).

In addition to establishing the objective and subjective elements of his Eighth Amendment claims, in order to hold Defendants personally liable under § 1983 Plaintiff must present facts supporting a reasonable inference that these Defendants, while acting under color of state law, were personally involved in the conduct complained of. *See Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018); *Iqbal*, 556 U.S. at 676.

1. Defendant Rios

Plaintiff's primarily allegation against Defendant Rios is that he "failed to ensure that his base/subordinate officials not violate Plaintiff['s] right to be free from cruel and

6

unusual punishment." Compl. at 8.  However, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Thus, to hold a supervisor liable for the acts of his or her subordinates, a plaintiff must plead facts showing an "affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (internal quotation marks omitted).  Plaintiff's generic allegation that Defendant Rios failed to prevent a constitutional violation by subordinate officers does not satisfy this burden.  *See, e.g.*, *Bertolo v. Benezee*, 601 F. App'x 636, 639 (10th Cir. 2015) (finding that plaintiff's allegation that prison warden failed to enforce prison procedures did not establish the requisite "affirmative link" to the alleged constitutional violation).

The only remaining allegation against Defendant Rios is that he stated, in response to Plaintiff's September 26, 2016 Request to Staff, that he would "have the appropriate staff look into [Plaintiff's] complaint."  Compl. Ex. 3, at 5.  Even if this response could be fairly characterized as unfavorable—which is highly doubtful—it still would not amount to a constitutional violation.  *See, e.g.*, *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim.").

7

Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Rios in his individual capacity.

2. Defendant Engle

Plaintiff's only allegation against Defendant Engle is that Defendant Engle told Sgt. Wolf that Plaintiff "couldn't go to medical because [he] was on property restriction." Compl. at 10. This allegation does not satisfy the subjective component of Plaintiff's Eighth Amendment claim—that is, it does not establish that Defendant Engle "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Al-Turki*, 762 F.3d at 1192 (quoting *Farmer*, 511 U.S. at 837 (1994)). Thus, Plaintiff fails to state an Eighth Amendment claim against Defendant Engle in his individual capacity. *See id.*; *Brown*, 662 F.3d at 1166.

## CONCLUSION

For the foregoing reasons, the Court orders that:

1. Defendants' Motion to Dismiss (Doc. No. 32) is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. Plaintiff's official-capacity claims under 42 U.S.C. § 1983 against Defendants Rios and Engle are DISMISSED WITH PREJUDICE; and

3. Plaintiff's individual-capacity claims under 42 U.S.C. § 1983 against Defendants Rios and Engle are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 30th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge